Submitted on remand from the Oregon Supreme Court June 14, affirmed August 1, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUDIE EUGENE BIAS,
*Defendant-Appellant.*

Jackson County Circuit Court
081847FE; A140022

283 P3d 463

Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services, for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

In *State v. Bias*, 241 Or App 647, 250 P3d 974 (2011), we reversed defendant's conviction on one count of being a felon in possession of a firearm. Relying on our decision in *State v. Rainoldi*, 236 Or App 129, 235 P3d 710 (2010), we concluded that the trial court should have instructed the jury that the state was required to prove a culpable mental state with respect to defendant's status as a felon. The Oregon Supreme Court has since reversed our decision in *Rainoldi* and held that "ORS 166.270 exhibits a clear legislative intent to dispense with the culpable mental state requirement as to the element that a defendant 'has been convicted of a felony.'" *State v. Rainoldi*, 351 Or 486, 506, 268 P3d 568 (2011).

In the wake of its decision in *Rainoldi*, the Supreme Court allowed the state's petition for review of our decision in *Bias*, vacated that decision, and remanded for reconsideration. On remand, we now conclude, in light of the Supreme Court's superseding construction of ORS 166.270, that the trial court did not commit instructional error, and we therefore affirm defendant's conviction.

Affirmed.